IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LEANDER CALHOUN, #198389, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:09-CV-91-TMH |
| ) | [WO] |
| ) | |
| STATE OF ALABAMA, et al., ) | |
| ) | |
| Defendants ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Leander Calhoun ["Calhoun"], a state inmate, complains of adverse actions related to his 1998 conviction for attempted rape by the Circuit Court of Talladega County, Alabama.[1]  Specifically, Calhoun alleges that he provided "some article of clothing ... for testing" on December 16, 1996, and he "believe[s] that the results of the test would have proven [his] innocence" of the crime for which he was convicted. *Plaintiff's Complaint - Court Doc. No. 1* at 3.  Calhoun names the State of Alabama, the Talladega Circuit Court, the City of Talladega Police Department and Jebb Fannin, his appointed trial counsel, as defendants in this cause of action.  The relief sought includes D.N.A. testing of the clothing to prove his innocence, reduction of the charge made the basis for his conviction, withdrawal of his guilty plea and/or a trial by jury on the criminal charge. *Id*. at 4.

---

[1] Calhoun advises he pled guilty to attempted rape.

Upon review of the factual allegations presented in the complaint, the court concludes that this case should be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1404.[2]

## DISCUSSION

A civil rights action filed by an inmate under the authority of 42 U.S.C. § 1983 "may be brought ... in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ... or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."  28 U.S.C. § 1391(b).  However, the law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought."  28 U.S.C. § 1404(a).

Those individuals personally responsible for the challenged actions reside in the Northern District of Alabama.  The state court rendering the conviction made the basis of the instant complaint is located within the Northern District of Alabama.  Moreover, it is clear from Calhoun's recitation of the facts that the actions about which he complains occurred during proceedings which transpired in the Northern District of Alabama.  Thus,

---

[2]The plaintiff filed neither the requisite filing fee nor an affidavit in support of a request for leave to proceed *in forma pauperis*.  However, in light of the April 1996 revisions to 28 U.S.C. § 1915 and under the circumstances of this case, matters related to Calhoun's *in forma pauperis* status, including the assessment and collection of any filing fee, should be undertaken by the United States District Court for the Northern District of Alabama.  Thus, this court will not address Calhoun's failure to submit documents necessary to a determination of his *in forma pauperis* status.

the majority of material witnesses and evidence associated with this case are located in the Northern District of Alabama.

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Northern District of Alabama for review and determination.[3]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404.  It is further

ORDERED that on or before March 3, 2009 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the

---

[3] In transferring Calhoun's case, this court makes no determination with respect to the merits of his claims for relief.

District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 20th day of February, 2009.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE